[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10360
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 18, 2007
THOMAS  K. KAHN
CLERK

BIA Nos. A97-628-381 & A97-628-382

GUIYAN ZHU,
WENTANG SUN,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 18, 2007)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Guiyan Zhu,[1] a Falun Gong member and a native of China, petitions this Court for review of the BIA's order denying her application for asylum. We find that, regardless of whether the BIA and IJ's adverse credibility determinations were based on specific, cogent reasons and supported by substantial evidence, Zhu has failed to establish a well-founded fear of persecution.

As an initial matter, we conclude that the BIA did not act improperly in refusing to submit Zhu's case to a three-member panel. A petitioner does not have an automatic right to a three-member panel; the regulations provide that a board member may, but does not have to, designate a case for panel review in certain circumstances. See 8 C.F.R. § 1003.1(e)(6). We also conclude that we lack jurisdiction to consider Zhu's claims that (1) the IJ improperly denied withholding of removal and CAT relief and (2) a pattern or practice of persecution of Falun Gong members exists in China, because these two issues were not exhausted. See Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006) (we lack jurisdiction to review claims that the petitioner failed to raise before the BIA, regardless of whether the BIA sua sponte addressed them).

On appeal, we review the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284

---

[1] Zhu's husband, Wentang Sun, also appeals, but his claim is based on derivative status. Accordingly, the petitioners will be collectively referred to as "Zhu."

(11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, because the BIA decided the merits of the claims by partially relying on the IJ's decision, we review the BIA's decision and, to the extent relied on, the IJ's decision.

Factual determinations are reviewed under the substantial evidence test, and we will affirm a decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). The substantial evidence test is deferential and does not allow "re-weigh[ing] the evidence from scratch." Id. (quoting Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)). To the extent that the IJ's and BIA's decisions were based on a legal determination, our review is de novo. See Mohammed v. Ashcroft, 261 F.3d 1244, 1247–48 (11th Cir. 2001). "To reverse the IJ's [and BIA's] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim). The fact that evidence in the record may support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi, 386 F.3d at 1027.

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The petitioner bears the burden of proving "refugee" status and must show past persecution or a well-founded fear of future

3

persecution based on a statutory classification. Al Najjar, 257 F.3d at 1284.

Although not specifically characterized as such by practitioners, for our purposes

Falun Gong is considered a religion—one of the statutory classifications

potentially meriting asylum. On appeal, Zhu does not argue that she suffered past

persecution, so her asylum application turns on the existence of a well-founded

fear of future persecution because of her Falun Gong practices. 8 C.F.R. §

208.13(a), (b); see Al Najjar, 257 F.3d at 1287.

We have never expressly defined "persecution," but we have indicated that

"persecution is an extreme concept, requiring more than a few isolated incidents of

verbal harassment or intimidation, and that mere harassment does not amount to

persecution." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th

Cir. 2005) (quotation marks and alteration omitted). Additionally, we have held

that merely being involved with Falun Gong in China along is not enough to merit

asylum. See Zheng v. United States Att'y Gen., 451 F.3d 1287, 1291–92 (11th

Cir. 2006), cert. denied, 127 S. Ct. 1124 (Jan. 16, 2007). Zhu cannot meet this

standard. She alleges no more than a single brief detention and some amount of

surveillance. That is not enough. The evidence before us does not compel a

conclusion contrary to that reached by the BIA and the IJ.

Further, we find no merit to Zhu's claim that the BIA and IJ failed to

properly consider the 2002 Country Report allegedly demonstrating that the

4

Chinese government was cracking down on Falun Gong practitioners. Neither the IJ nor the BIA had a duty to explicitly mention the report in its decision, see Tan v. United States Att'y Gen., 446 F.3d 1369, 1376 (11th Cir. 2006), and both decisions indicate that all proffered evidence was taken into consideration.

Finally, we need not reach Zhu's claim that the BIA and IJ erred in making an adverse credibility determination that was not supported by specific, cogent reasons or substantial evidence. Even if we deem Zhu credible and accept all her testimony as true, she still cannot demonstrate sufficient persecution to establish the well-founded fear necessary for asylum. See Al Najjar, 257 F.3d at 1284–85. Accordingly, Zhu's petition is denied in part and dismissed in part.

**PETITION DENIED IN PART AND DISMISSED IN PART.**